UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LAW OFFICES OF STEVEN M. JOHNSON, P.C., D/B/A THE JOHNSON LAW FIRM, | : : |
| Plaintiff, | : : |
| v. | : Case No. |
| RICKIE PATTON, | : : |
| Defendant. | : : |

**PLAINTIFF, LAW OFFICE OF STEVEN M. JOHNSON, P.C.,
d/b/a THE JOHNSON LAW FIRM'S,
<u>APPLICATION TO CONFIRM FINAL ARBITRATION AWARD</u>**

**NOW COMES**, Plaintiff, Law Offices of Steven M. Johnson, P.C. d/b/a The Johnson Law Firm ("JLF"), and hereby petitions this Honorable Court for entry of an order confirming the Final Award rendered by the Honorable Russell Lloyd (Ret.) ( "Arbitrator Lloyd"), on January 9, 2023, in a domestic arbitration proceeding conducted before the Judicial Arbitration Mediation Services ("JAMS") in a matter captioned, *Law Offices of Steven M. Johnson, P.C. d/b/a The Johnson Law Firm v. Rickie Patton*, JAMS Ref. No. 5310000126 (the "2022 Arbitration").  A true and accurate copy of the Final Award is attached hereto as <u>**Exhibit A**</u>. JLF moves pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

In support of this Application, JLF states as follows:

1. JLF is a Texas professional corporation with a principal place of business in Fort Worth, Tarrant County, Texas.

2. Defendant, Rickie Patton ("Patton"), is a citizen of Missouri, residing in Carthage, Missouri.

1

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. JLF seeks confirmation of the Final Award, which was rendered in an arbitration proceeding commenced in Dallas, Texas in connection with a dispute over Patton's failure to pay amounts owed to JLF pursuant to an Attorney Representation Agreement ("ARA," attached hereto as **Exhibit B**).  The ARA specifies that it was "entered into in Tarrant County, Texas," that all disputes arising from the ARA "shall be resolved by final and binding arbitration conducted in Fort Worth, Texas and administered by" JAMS, and that "judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter." ARA §§ 10 and 17.

5. This Court has authority to confirm the Final Award pursuant to 9 U.S.C. § 9.

6. This Court has specific personal jurisdiction over Patton because Texas's long-arm statute, Tex. Civ. Prac. & Rem. Code §17.042, confers personal jurisdiction over Patton and the exercise of such jurisdiction by Texas courts is consistent with due process under the United States Constitution.  Moreover, although he declined to appear at the final hearing, Patton participated in the arbitration proceedings generally by filing documents prepared by himself and his attorney, John Deaton, seeking to evade this Court's order to arbitrate.  This Court also has specific personal jurisdiction over Patton pursuant to 9 U.S.C. § 9 because the Final Award was issued in an arbitration proceeding that was commenced in Fort Worth, Texas.

7. This application to confirm the Final Award is properly filed in this district pursuant to

9 U.S.C. § 9 because the Final Award was issued in an arbitration proceeding that was commenced in this judicial district and pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Fort Worth, Texas.

8. On December 20, 2019, this Court, in a matter captioned *Rickie Patton and Cathleen Marquardt v. Barry Johnson and Steven Johnson, individually and as Law Offices of Steven M. Johnson, P.C. d/b/a The Johnson Law Firm*, Case No. 4:19-cv-00698-O, compelled all disputes between the parties to binding arbitration. In addition to this Court, the Dallas County Court at Law No. 1 compelled the dispute between the parties to arbitration (Cause No. CC-16-01558-A). Copies of both Orders compelling arbitration are attached hereto as **Exhibit C**.

9. As ordered by the Courts, JLF and Patton originally arbitrated their disputes before JAMS in a matter captioned, *Rickie Patton and Cathleen Marquardt v. Barry Johnson and Steven Johnson, individually and as Law Offices of Steven M. Johnson, P.C. d/b/a The Johnson Law Firm*, JAMS Ref. No. 1310024255 (the "2021 Arbitration"). The 2021 Arbitration resulted in a Final Award that was confirmed by this Court on June 23, 2022. *See* **Exhibit D**. The Final Award in the 2021 Arbitration denied JLF's counterclaims against Patton on the basis that they were not yet ripe. In the Confirmation Order, the Court confirmed that "[a]ll claims asserted by JLF against Patton in the [2021] Arbitration have been **denied without prejudice as not ripe**." *Id.* at p. 3 (emphasis added).

10. JLF commenced the 2022 Arbitration against Patton before JAMS on May 19, 2022. In the 2022 Arbitration, JLF asserted the following counts against Patton:

3

    a. Count I: Breach of Contract; and

    b. Count II: Declaratory Judgment.

11. A hearing was held in the 2022 Arbitration before Arbitrator Lloyd in December 2022.

12. On January 9, 2023, Arbitrator Lloyd issued the Final Award in the 2022 Arbitration. Exh. A.

13. The Final Award was issued in favor of JLF and against Patton in the following respects:

    a. JLF prevailed on its breach of contract claim (Count I);

    b. JLF was awarded a total amount of $162,089.62 in damages against Patton (including attorneys' fees and costs); and

    c. JLF was granted a lien in any proceeds or judgment recovered in connection with Patton's underlying Kugel Mesh case. Exh. A. at p. 4.

14. JLF requests that this Court confirm the domestic Final Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. The Final Award is a final, binding award without defect under the law.

**WHEREFORE**, for the reasons set forth herein, JLF respectfully requests that this Honorable Court enter an Order: (1) confirming the Final Award in the total amount of $162,089.62 in favor of JLF and against Patton; and (2) establishing a lien in any proceeds or judgment recovered in connection with Patton's underlying Kugel Mesh case in the total amount of $162,089.62.

15651626.2.2.1.1.2.2.2

Respectfully submitted,

**THE LAW OFFICES OF STEVEN M. JOHNSON D/B/A THE JOHNSON LAW FIRM,**

By Its Attorneys,

/s/ Robert D. Akers
Robert D. Akers (Tex. Bar No. 00953900)
3116 West 5th Street
Fort Worth, Texas 76107
(817) 332-9840
rakers8842@aol.com

Dated: January 12, 2023