UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| LAW OFFICES OF STEVEN M. JOHNSON, P.C., | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00047-O |
| RICKIE PATTON, | § § § | |
| Defendant. | § | |

### ORDER CONFIRMING ARBITRATION AWARD

Before the Court is Plaintiff Law Offices of Steven M. Johnson, P.C. d/b/a The Johnson Law Firm's Motion for Entry of Default and Summary Ruling on Application to Confirm Arbitration Award (ECF No. 11), filed March 3, 2023. The Clerk of Court entered default on April 7, 2023. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

The parties agreed to arbitrate their dispute in Fort Worth, Texas and to permit any state or federal court with jurisdiction over the matter to confirm the arbitration award.[1] Though the Defendant in this case sought to evade the parties' arbitration agreement and preemptively filed suit, this Court enforced the parties' agreement. *See Patton v. Johnson*, 2019 WL 13201898, Civil Action No. 4:19-CV-00698-O (N.D. Tex. Dec. 20, 2019) (O'Connor, J.). Thus, an arbitration hearing was held in Fort Worth, Texas on December 7, 2022.[2] Though Defendant did not personally appear at the hearing, he substantively participated in the arbitration by filing documents for use in the proceeding.[3] On January 9, 2023, an arbitrator rendered a final award to Plaintiff in the amount of $162,089.62 and granted Plaintiff a lien on any proceeds and any

---

[1] Attorney Representation Agreement, Compl., Ex. B, ECF No. 1-2.
[2] Compl. 2–3, ECF No. 1; Final Arbitration Award, Compl., Ex. A, ECF No. 1-1.
[3] Compl. 2, ECF No. 1; Final Arbitration Award, Compl., Ex. A, ECF No. 1-1.

judgment recovered in connection with Defendant's underlying Kugel Mesh case.[4] Plaintiff now requests entry of default, which the Clerk entered on April 7, 2023 (ECF No. 12), and seeks summary confirmation of the parties' arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9 (FAA).[5]

Section 9 of the FAA provides that, where parties have agreed to arbitrate an agreement in a specific jurisdiction and such arbitration award is made, a party to the arbitration may seek confirmation of the award in state or federal court and "thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed [by statute]." 9 U.S.C. § 9. Review of arbitration awards is highly deferential. *Petrofac, Inc. v. DynMcDermott Petro. Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012).

This Court has jurisdiction to confirm the arbitration award that it compelled and that occurred in this district and Defendant, who has not appeared in this action, has offered no reason that the award should be vacated, modified, or corrected. Thus, this Court "must" confirm the final award. It is therefore **ORDERED** that Plaintiff's motion (ECF No. 11) is **GRANTED** and the final award entered in JAMS Case Number 5310000126 attached as Exhibit A to Plaintiff's Original Complaint should be **CONFIRMED** in its entirety. Separate final judgment shall issue.

**SO ORDERED** on this **10th day** of **April, 2023**.

                                                 _____
                                                 Reed O'Connor
                                        UNITED STATES DISTRICT JUDGE

---

[4] Final Arbitration Award, Compl., Ex. A, ECF No. 1-1.
[5] Mot. 2, ECF No. 11.